THE STATE v. HARRY MADDOX, Appellant.—98 S. W. (2d) 535.

Division Two, November 17, 1936.

*A. Lamkin James* and *Louis J. Rasse* for appellant.

*Roy McKittrick*, Attorney General, and *Drake Watson*, Assistant Attorney General, for respondent.

TIPTON, P. J.—In the Circuit Court of Saline County, Missouri, the appellant was convicted of second degree murder and his punishment assessed at twenty-five years' imprisonment in the State penitentiary. From that judgment and sentence he has duly appealed to his court.

The appellant is a white man and the deceased, Lester Edward Thompson, was a negro. About eleven-thirty P. M., of July 22, 1934, the appellant and Abbott Cherry returned from Sedalia to Marshall, Missouri. They got out of an automobile on the square in Marshall and started in a northwesterly direction to their respective homes. In going to their homes they went through a negro settlement. While proceeding through this settlement a dog darted out at appellant and

he kicked it. At this point, Evon Campbell, a negro, who had been sitting in the yard jumped up and started toward appellant and his companion and stated no one could kick his dog. After the negro and appellant called each other vile names, the negro went back into the yard and picked up a chair and after some more cursing he put the chair down and picked up a coca cola bottle (the appellant claims it was a gun) and marched behind the appellant and his companion for some distance calling them vile names. The negro returned to the house where the trouble started and the appellant and his companion went to their respective homes.

After the appellant arrived at his home he got his shotgun and returned to the vicinity where he had the difficulty in regard to the dog. He met the deceased and asked him who lived in the house where the dog incident occurred. The deceased stated, ''I ain't telling you nothing,'' to which the appellant replied, ''You damn niggers think you are smart.'' The deceased then cursed the appellant and after some cursing and scuffling the appellant shot the deceased and from the wounds of the shot he died the next day. The appellant pleaded self-defense.

The appellant assigns as error the admission of the testimony of Marvin Hayes offered in rebuttal on behalf of the State. This witness testified that between eleven-thirty and twelve o'clock on the night of the fatal shooting he saw the appellant some distance from the scene of the tragedy and had a difficulty with the appellant. The witness stated that the appellant said, '' 'God damn you, do you want to fight?' and I told him, 'No, sir.' He made a pass at my head and I ducked the lick.'' This incident happened prior to the time the appellant got into the difficulty with Evon Campbell in regard to the appellant kicking the dog. Witness Hayes went on to his home and was not present at the time the deceased was shot, neither was deceased present at the time of this incident.

The appellant contends that this testimony is not in rebuttal and should not have been introduced to rebut the appellant's testimony. We have carefully searched the record and agree that this testimony did not rebut the testimony of the appellant. It is a well-recognized principle that the order of proof is within the discretion of the trial court, and evidence admitted out of order is not reversible error unless it appears that the trial court abused its discretion. [State v. Mason, 322 Mo. 194, 14 S. W. (2d) 611; State v. Weiss, 219 S. W. 368.] We are unable to say from the record that the trial court abused its discretion in admitting this testimony out of order and therefore rule this contention against the appellant.

The appellant next contends that the admission of this testimony was prejudicial error because the difficulty with the witness Hayes was prior to the altercation that the appellant had with the deceased, and had no connection whatever with the fatal shooting of

the deceased. Witness Hayes was not present when the deceased was shot about an hour later.

In the case of State v. Palmer, 220 S. W. 680, 281 Mo. 525, the defendant had an altercation at a dance with some people by the name of Patton. On the way to his home the defendant met the deceased and in an altercation the deceased was killed. The deceased was not present during the altercation with the Pattons. We held that the admission of the testimony of the Patton altercation to be reversible error. In that case, after citing authorities, we said:

"These authorities expressly hold that 'evidence of a previous difficulty between defendant and a third person with which deceased had no connection and which was not a part of the transaction in which deceased was killed is not admissible.'"

In the case of State v. Swearengin, 190 S. W. 268, 269 Mo. 177, the court permitted testimony that the defendant, approximately three hours before the killing, had an altercation with a girl by the name of Fitzgerald, during which altercation he slapped her. In reversing that case, we said: "Likewise, in our opinion, the learned trial court should have sustained the defendant's objection to the evidence offered by the State of defendant's altercation with the Fitzgerald girl. This occurred some three hours or more before the happening of the difficulty which culminated in the shooting of deceased. Upon no theory which occurs to us, nor upon any called to our attention, can the admission of the testimony of this separate and disconnected difficulty be justified."

The rule as stated in 30 Corpus Juris, 197, is as follows:

"Evidence of a difficulty or fight between deceased and defendant which occurred some time before the homicide and is not connected therewith or of a previous difficulty between defendant and a third person with which deceased had no connection, and which was not a part of the transaction in which deceased was killed, or of a difficulty between deceased or person assaulted and others than defendant having no connection with the fatal difficulty, or with which defendant is not shown to have had any connection, or of a difficulty between two third persons with which defendant is not shown to have been connected, is inadmissible."

In the case of State v. Thomas and Swain, 68 Mo. 605, 1. c. 612, we said:

"Here, however, at least three-quarters of an hour elapsed between the time the party passed by Lisle's and that when the shots were fired which resulted in Marshall's death. We are, therefore, unable to see any connection in point of time between Marshall's death and the acts and declarations occurring prior to the time the party rode up in front of Heilig's house; hence, we hold evidence of such acts and declarations inadmissible, if offered as part and parcel of the homicidal transaction on the ground of relating to

the main fact, and of being contemporary therewith. In other words, the principal fact was the killing of Marshall, and we do not conceive that the acts and declarations occurring at Lisle's, or prior to that time, so illustrate and characterize the main fact, as to constitute the whole matter one transaction, and render the admission of the prior occurrences necessary in order to exhibit that fact in its true light, and give to it its appropriate effect.''

We therefore, hold that the altercation the appellant had with the witness Hayes, was inadmissible and its admission constitutes reversible error. Nothing that was said or done in that altercation in any way referred to deceased, nor was deceased present while it was going on. That altercation had no connection and was not a part of the transaction in which deceased was killed.

The State contends that the other points relied upon by the appellant in his brief are not properly before us because they were not sufficiently raised in his motion for a new trial. We are inclined to agree with the State, but as this case must be reversed for a new trial we will not determine that issue.

For the error in admitting the testimony of witness Hayes above referred to, this cause should be reversed and remanded for a new trial. It is so ordered. All concur.